UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on September 15, 2023

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**TYRONE HUNTER and<br>ANTONIETT TAYLOR,**<br><br>Defendants. | Case No. 23-cr-344<br><br>VIOLATIONS:<br><br>**Count 1**: 18 U.S.C. § 371 (Conspiracy)<br><br>**Counts 2-5**: 18 U.S.C. § 666(a)(1)(A) (Theft Concerning Programs Receiving Federal Funding); 18 U.S.C. § 2 (Aiding and Abetting)<br><br>**Counts 6, 8, 10, 12**: 18 U.S.C. § 1951 (Hobbs Act Extortion Under Color of Official Right)<br><br>**Counts 7, 9, 11, 13**: 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning Programs Receiving Federal Funding)<br><br>Forfeiture Notice |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, on or about the dates stated below:

### Background

1.   TYRONE HUNTER, a Defendant, was an employee of the Washington Metropolitan Area Transit Authority (WMATA) who worked as an Investment Recovery Administrator (IRA) for WMATA's Office of Property Reutilization and Disposition Services, which was also known as WMATA's Office of Surplus Property. As an IRA, HUNTER was an agent of WMATA.

2. WMATA was a multi-jurisdictional government agency, formed by interstate compact among Washington, D.C., Virginia, and Maryland and established for the purpose of providing public transportation in the Washington, D.C. metropolitan area, with offices in Washington, D.C. WMATA receives more than $10,000 in federal funding each year.

3. As an IRA, HUNTER was responsible for the disposal of certain of WMATA's surplus property. Prior to 2021, IRAs often used receipt of offers auctions or negotiated sales to sell surplus property. For those transactions, the IRA handling the sale selected the winning bid.

4. WMATA surplus property was sold "as is" with no conditions for returns or refunds, but customers were permitted to inspect the surplus property before purchasing it. Before 2019, customers were permitted to inspect surplus property offered for sale without an appointment in person at the warehouse where the property was located.

5. WMATA surplus property was sold with standard terms and conditions, which required each customer to pay for the surplus property in full before taking possession of it.

6. ANTONIETT TAYLOR, a Defendant, was in a romantic relationship with HUNTER since 2016. TAYLOR was the sole proprietor of Empowerment Business Consulting ("EBC"), a trade name that TAYLOR registered in the state of Maryland on August 9, 2018. Between August 2018 and December 2020, EBC won sales for 216 WMATA buses from the Office of Surplus Property in transactions facilitated by HUNTER. During that time period, no other customer won sales of WMATA surplus buses.

7. Starting in 2021, WMATA started using a third-party auction service to sell surplus property, including buses. After this time, EBC did not win any more sales of WMATA surplus buses.

8. Person A owned a Company A, which resold paratransit vans, among other things.

9. On September 28, 2018, and October 25, 2018, HUNTER demanded that Person A pay him cash in exchange for the opportunity to fully inspect and test drive WMATA paratransit vans, which were offered for sale as surplus property, before bidding on them.

10. Person B owned Company B, which resold bus parts, among other things.

11. On January 16, 2019, through January 8, 2021, HUNTER demanded that Person B pay him in exchange for the opportunity to make purchases of WMATA surplus property.

12. Persons C and D also engaged in the resale of paratransit vans.

13. On January 3, 2019, through April 2, 2019, HUNTER demanded that Persons C and D pay him cash in exchange for the opportunity to inspect and purchase WMATA paratransit vans, which were offered for sale as surplus property.

## COUNT ONE
### (Conspiracy- 18 U.S.C. § 371)

14. Paragraphs 1 through 7 are re-alleged.

15. Between on or about August 3, 2018, and on or about December 21, 2020, in the District of Columbia and elsewhere, the defendants,

**TYRONE HUNTER** and **ANTONIETT TAYLOR**,

did knowingly combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, aiding and abetting each other, **TYRONE HUNTER** and **ANTONIETT TAYLOR** did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner and intentionally misapply property valued at $5,000 or more owned by WMATA, in violation of Title 18, United States Code, Section 666(a)(1)(A), as charged in Counts Two through Five of this Indictment.

### Purpose of the Conspiracy

16. The purpose of the conspiracy was for HUNTER and TAYLOR to use HUNTER's

3

position at the WMATA Office of Surplus Property to enrich TAYLOR by knowingly converting and intentionally misapplying WMATA surplus property buses to TAYLOR's use without paying for them, in order for TAYLOR to sell the buses for cash to a scrap yard for a profit.

### Manner and Means

17. Between August 2, 2018, and December 21, 2020, HUNTER and TAYLOR carried out the conspiracy through the following manner and means, among others:

   a. TAYLOR registered the trade name for EBC with the state of Maryland and opened a business bank account for EBC in order to conduct business with WMATA;

   b. HUNTER used his position as an IRA to award sales of WMATA surplus property buses to EBC;

   c. HUNTER used his position as an IRA to transfer title to, and physical possession of, WMATA surplus property buses to TAYLOR, as EBC, without TAYLOR or EBC making any payment to WMATA for the buses;

   d. TAYLOR, through EBC, took title to and physical possession of WMATA buses without paying for them;

   e. TAYLOR sold WMATA surplus property buses that she had not paid for to a scrap yard, making a cash profit;

   f. TAYLOR, through EBC, made a payment to WMATA for the buses at a later date, after TAYLOR had already scrapped buses that were the subject of the sale and realized a profit for them; and

   g. HUNTER and TAYLOR signed falsified paperwork at a later date that covered up facts including, but not limited to:

      i. TAYLOR had taken buses from WMATA without paying for them and had

scrapped them for a profit;

ii. The amount that EBC later paid for the buses was set after TAYLOR had already scrapped buses that were the subject of the sale.

### Overt Acts

18. The following acts and omissions were taken and made by HUNTER and TAYLOR:

a. Between September 29, 2018, and November 21, 2018, TAYLOR, through EBC, took title to, and physical possession of, 41 WMATA surplus property buses without paying for them and sold them for scrap.

b. On November 29, 2018, HUNTER signed falsified paperwork documenting the sale of the 41 buses that TAYLOR had already taken title to and possession of and scrapped for cash.

c. On November 30, 2018, TAYLOR signed a check from EBC to WMATA that was submitted to WMATA with the November 29, 2018, sales paperwork.

d. Between May 9, 2019, and May 16, 2019, TAYLOR, through EBC, took title to, and physical possession of, 18 WMATA surplus property buses without paying for them and sold them for scrap.

e. On June 6, 2019, HUNTER signed falsified paperwork documenting the sale of the 18 buses that TAYLOR had already taken title to and possession of and scrapped for cash.

f. Between May 22, 2019, and August 1, 2019, TAYLOR, through EBC, took title to, and physical possession of, 40 WMATA surplus property buses without paying for them and sold them for scrap.

g. On August 5 and August 8, 2019, HUNTER and TAYLOR signed falsified paperwork

documenting the sale of the 40 buses that TAYLOR had already taken title to and possession of and scrapped for cash.

h. On August 5, 2019, TAYLOR signed a check from EBC to WMATA that was submitted to WMATA with the August 5, 2019, sales paperwork.

i. Between September 3, 2019, and September 26, 2019, TAYLOR, through EBC, took title to, and physical possession of, 18 WMATA surplus property buses without paying for them and sold them for scrap.

j. On October 3, 2019, HUNTER and TAYLOR signed falsified paperwork documenting the sale of the 18 buses that TAYLOR had already taken title to and possession of and scrapped for cash.

k. On October 1, 2019, TAYLOR signed a check from EBC to WMATA that was submitted to WMATA with the October 3, 2019, sales paperwork.

(In violation of Title 18, United States Code, Section 371)

## COUNTS TWO THROUGH FIVE
**(Theft Concerning Programs Receiving Federal Funds, Aiding and Abetting- 18 U.S.C. §§ 666(a)(1)(A) and 2)**

19. Paragraphs 1 through 7 and 17 through 18 are re-alleged.

20. On or about the dates listed below, in the District of Columbia and elsewhere, the defendants,

**TYRONE HUNTER and ANTONIETT TAYLOR,**

aiding and abetting each other, did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of **ANTONIETT TAYLOR**, a person other than the rightful owner, and intentionally misapplied property valued at more than $5,000 or more owned by WMATA, that is, the items listed below:

6

| Count | Date (Approx.) | Description |
|---|---|---|
| TWO | 9/29/2018 to 11/21/2018 | TAYLOR, through EBC, took title to, and physical possession of, 41 WMATA surplus property buses without paying for them and sold them for scrap, receiving approximately $114,029 in cash. |
| THREE | 5/9/2019 to 5/16/2019 | TAYLOR, through EBC, took title to, and physical possession of, 18 WMATA surplus property buses without paying for them and sold them for scrap, receiving approximately $50,708 in cash. |
| FOUR | 5/22/2019 to 8/1/2019 | TAYLOR, through EBC, took title to, and physical possession of, 40 WMATA surplus property buses without paying for them and sold them for scrap, receiving approximately $105,820 in cash. |
| FIVE | 9/3/2019 to 9/26/2019 | TAYLOR, through EBC, took title to, and physical possession of, 18 WMATA surplus property buses without paying for them and sold them for scrap, receiving approximately $51,536 in cash. |

(In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2)

## COUNT SIX
### (Hobbs Act Extortion Under Color of Official Right- 18 U.S.C. § 1951(a))

21. Paragraphs 1 through 5 and 8 through 9 are re-alleged.

22. On October 3, 2018, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER,**

an agent of the Washington Metropolitan Area Transit Authority, did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of any article or commodity in commerce, by extortion, as that term is defined in Title 18 United States Code, Section 1951, and did attempt to do so; that is, **TYRONE HUNTER** attempted to take and obtain, and took and obtained property not due to him or his office as a public official, from Person A with Person A's consent, under color of official right.

(In violation of Title 18, United States Code, Section 1951)

## COUNT SEVEN
### (Bribery Concerning Programs Receiving Federal Funds—18 U.S.C. § 666(a)(1)(B))

23. Paragraphs 1 through 5 and 8 through 9 are re-alleged.

24. On October 3, 2018, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER**

being an agent of an organization, and of a multi-state and local government and any agency thereof, corruptly solicited and demanded for the benefit of any person, and accepted and agreed to accept, anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization, government, and agency, involving any thing of value of $5,000 and more. That is, **TYRONE HUNTER**, aided and abetted by another person known to the grand jury, corruptly solicited and demanded money from Person A, and accepted and agreed to accept money from Person A, with the intention that **TYRONE HUNTER** would be influenced and rewarded in connection with the sale to Person A of WMATA surplus property valued at $5,000 or more.

(In violation of Title 18, United States Code, Sections 666(a)(1)(B))

## COUNT EIGHT

### (Hobbs Act Extortion Under Color of Official Right- 18 U.S.C. § 1951(a))

25. Paragraphs 1 through 5 and 8 through 9 are re-alleged.

26. On November 2, 2018, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER,**

an agent of the Washington Metropolitan Area Transit Authority, did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of any article or commodity in commerce, by extortion, as that term is defined in Title 18 United States Code, Section 1951, and did attempt to do so; that is, **TYRONE HUNTER** attempted to take and obtain, and took and obtained property

8

not due to him or his office as a public official, from Person A with Person A's consent, under color of official right.

(In violation of Title 18, United States Code, Section 1951)

## COUNT NINE
### (Bribery Concerning Programs Receiving Federal Funds—18 U.S.C. § 666(a)(1)(B))

27. Paragraphs 1 through 5 and 8 through 9 are re-alleged.

28. On November 2, 2018, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER**

being an agent of an organization, and of a multi-state and local government and any agency thereof, corruptly solicited and demanded for the benefit of any person, and accepted and agreed to accept, anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization, government, and agency, involving any thing of value of $5,000 and more. That is, **TYRONE HUNTER**, aided and abetted by another person known to the grand jury, corruptly solicited and demanded money from Person A, and accepted and agreed to accept money from Person A, with the intention that **TYRONE HUNTER** would be influenced and rewarded in connection with the sale to Person A of WMATA surplus property valued at $5,000 or more.

(In violation of Title 18, United States Code, Sections 666(a)(1)(B))

## COUNT TEN
### (Hobbs Act Extortion Under Color of Official Right- 18 U.S.C. § 1951(a))

29. Paragraphs 1 through 5 and 10 through 11 are re-alleged.

30. On January 16, 2019, through January 8, 2021, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER,**

9

an agent of the Washington Metropolitan Area Transit Authority, did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of any article or commodity in commerce, by extortion, as that term is defined in Title 18 United States Code, Section 1951, and did attempt to do so; that is, **TYRONE HUNTER** attempted to take and obtain, and took and obtained property not due to him or his office as a public official, from Person B with Person B's consent, under color of official right.

(In violation of Title 18, United States Code, Section 1951)

## COUNT ELEVEN
**(Bribery Concerning Programs Receiving Federal Funds—18 U.S.C. § 666(a)(1)(B))**

31.  Paragraphs 1 through 5 and 10 through 11 are re-alleged.

32.  On January 16, 2019, through January 8, 2021, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER**

being an agent of an organization, and of a multi-state and local government and any agency thereof, corruptly solicited and demanded for the benefit of any person, and accepted and agreed to accept, anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization, government, and agency, involving any thing of value of $5,000 and more. That is, **TYRONE HUNTER**, corruptly solicited and demanded money from Person B, and accepted and agreed to accept money from Person B, with the intention that **TYRONE HUNTER** would be influenced and rewarded in connection with the sale to Person B of WMATA surplus property valued at $5,000 or more.

(In violation of Title 18, United States Code, Sections 666(a)(1)(B))

## COUNT TWELVE

**(Hobbs Act Extortion Under Color of Official Right- 18 U.S.C. § 1951(a))**

33. Paragraphs 1 through 5 and 12 through 13 are re-alleged.

34. On or about January 3, 2019, through on or about April 2, 2019, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER,**

an agent of the Washington Metropolitan Area Transit Authority, did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of any article or commodity in commerce, by extortion, as that term is defined in Title 18 United States Code, Section 1951, and did attempt to do so; that is, **TYRONE HUNTER** attempted to take and obtain, and took and obtained property not due to him or his office as a public official, from Person C and Person D with Person C and Person D's consent, under color of official right.

(In violation of Title 18, United States Code, Section 1951)

## COUNT THIRTEEN
**(Bribery Concerning Programs Receiving Federal Funds—18 U.S.C. § 666(a)(1)(B))**

35. Paragraphs 1 through 5 and 12 through 13 are re-alleged.

36. On or about January 3, 2019, through on or about April 2, 2019, in the District of Columbia and elsewhere, the defendant,

**TYRONE HUNTER**

being an agent of an organization, and of a multi-state and local government and any agency thereof, corruptly solicited and demanded for the benefit of any person, and accepted and agreed to accept, anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization, government, and agency,

involving any thing of value of $5,000 and more. That is, **TYRONE HUNTER**, corruptly solicited and demanded money from Person C and Person D, and accepted and agreed to accept money from Person C and Person D, with the intention that **TYRONE HUNTER** would be influenced and rewarded in connection with the sale to Person C and Person D of WMATA surplus property valued at $5,000 or more.

(In violation of Title 18, United States Code, Sections 666(a)(1)(B))

## CRIMINAL FORFEITURE ALLEGATION

37.     Upon conviction of any of the offenses alleged in Count One through Thirteen of this Indictment, the defendants,

**TYRONE HUNTER and
ANTONIETT TAYLOR,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18 United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON

*Matthew M. Graves/jph*

MATTHEW M. GRAVES
ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA